## 46006. SNEIDER v. DUNHAM BUSH, INC.

Evans, Judge. Dunham Bush, Inc. d/b/a Moncrief, sued Vincent R. Sneider in the Civil Court of DeKalb County, on an account in the sum of $1,081.73, demanding judgment therefor, plus interest of $201.92, and all court costs. Sneider filed his answer, denying, in the main, the indebtedness, and filed a counterclaim seeking damages for an alleged breach of warranty. The case came on for trial before the court without the intervention of a jury, and after hearing evidence, the court rendered a judgment in favor of the plaintiff for the sums sought. A motion for new trial was duly filed and thereafter denied. The appeal is from this judgment. *Held:*

The evidence amply supports the verdict as to the principal sum shown in the account here sued for, but there is no mention of interest in the testimony, the appellee relying on a statement in the contract for the installation of air conditioning equipment that the purchaser, in accepting the proposal and agreement to its terms and conditions, also accepted the following: "If payment is not made within 30 days as covered above, the balance due, at contractor's option, may be established as a time payment contract with service charges of 1½% per month of the unpaid balance being added to the amount due until paid." The complaint specifically sues for "interest" and the judgment as written specifies "$201.92 interest." We note that appellee's brief computes this amount by "applying this 1½% *service charge* to the principal over a period of 11.4 months." Obviously appellant considers the words "interest" and "service charge" as interchangeable, but cites no authority for that position. The law imposes a charge of a legal rate of interest on unpaid balances once the sum is fixed and certain, but the contract in this case was as to "service charges of 1½% per month" and this to become effective "*at contractor's* option." (Emphasis supplied.) Thus, while interest is payable as a matter of law, service charges in the contract sub judice were not payable unless contractor exercised his option to declare same a time payment contract with 1½% per month to be added as a service charge. Nowhere in the evidence is it shown that the contractor

ever exercised the option to add to the unpaid balance service charges of 1½% per month to the account. Accordingly, the sum of $201.92 interest recovered has not been proven by the plaintiff, nor was it shown that he ever exercised the option to charge 1½% per month service charge under the contract. Accordingly, this judgment will be affirmed for the amount of $1,081.73, provided interest in the amount of $201.92 is written off within 10 days of date when the remittitur is filed in the lower court. Otherwise the entire case is reversed, since the evidence does not support the verdict as to the interest here sought.

*Judgment affirmed with direction, otherwise reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED MARCH 2, 1971—DECIDED APRIL 6, 1971.

J. Norwood Jones, Lewis N. Jones, for appellant.

Cotton, Katz & White, Wayne H. Lazarus, J. Timothy White, for appellee.